EDWARD J. MORAN, PLAINTIFF-RESPONDENT, v. MAX RESNICK, DEFENDANT-APPELLANT.

Submitted October term, 1925—Decided January 23, 1926—Filed January 29, 1926.

**Sale of Real Estate—Agent's Contract for Sale—Evidence Clear That an Extensive Option for Limited Had Been Given in Writing.**

On appeal.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *Alexander Seclow.*

For the respondent, *O'Brien & Tartalsky.*

PER CURIAM.

This case was tried in the First District Court of Jersey City without a jury, resulting in a judgment for the plaintiff for $500. The suit was to recover a real estate broker's commission under the following authorization (*Exhibit P 1*):

"April 14, 1925.

I hereby authorize and empower Edward J. Moran to sell the premises described on the other side of this card at the price and upon the terms hereon named, and hereby agree to pay him three and one-half per cent. on the first $20,000 of the selling price, and two and one-half per cent. on any balance in excess thereof for his services.

MAX RESNICK, *Owner.*

I also agree to give E. J. Moran the sale and exclusive agency for a period of three months from date hereof.

MAX RESNICK, *Owner.*

EDWARD F. MCGRATH, Witness.

Location, 23 Stagg street.                         Price $15,000.

Lot 25 x 100' Lot No.

Mortgage, $8,000

    First, $3,500

    Second,

Terms, $2,000

April 14, 1925."

The trial judge filed the following memorandum:

The Court—I think the evidence is very clear and satisfactory that there was an exclusive option given to the broker in this case for ninety days, and I think that that was properly known to the owner. He says he didn't take any particular interest in it. He is a man who has bought and sold houses, and he is dealing in real estate, and it seems incredible that he should have gone into a contract of this nature without investigating. If he chose to do that he was

a contract which gives the broker a ninety days' option to bound by it, and the contract with which he was dealing is make the sale. Now, the first offer to endeavor to have the buyer meet the terms of the authorization and agency were perhaps insufficient; he made some objections about the return of the $200 which he was then ready to deposit, and which he actually did turn over to the agent, in case his own house should not be sold, but before the expiration of the option period this house had been sold and he then renewed his offer unconditionally. I think that that was in full compliance with the terms of the authorization.

We think the judgment of the First District Court of Jersey City should be affirmed, for the reasons stated by that court, and it is so affirmed.